# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00622-CV

**Darrell J. Harper, Appellant**

**v.**

**State Bar of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-14-005451, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Darrell J. Harper, proceeding pro se, filed a notice of appeal in the trial court on September 6, 2016.  Harper, however, is on the State of Texas' list of vexatious litigants. *See* Tex. Civ. Prac. & Rem. Code §§ 11.001 (generally authorizing court to enter order prohibiting person from filing "a new litigation" pro se without permission from local administrative judge when court, after notice and hearing, finds that person is "vexatious litigant"), .004(b) (requiring Office of Court Administration (OCA) to "post on the agency's Internet website a list of vexatious litigants subject to prefiling orders"), .054 (listing criteria for finding plaintiff vexatious litigant); OCA List of Vexatious Litigants (Oct. 10, 2016), *available at* http://www.txcourts.gov/ media/1436145/vexatious-litigants-10_10_16.pdf (last visited Oct. 11, 2016).

The OCA list reflects that Harper is subject to a prefiling order that was filed in Travis County in January 2015 specifically prohibiting him "from filing new litigation in any court

in this State without permission from a local administrative judge in each new litigation." *See* http://www.txcourts.gov/media/843678/Darrell-Harper.pdf (last visited Oct. 11, 2016); *see also* Tex. Civ. Prac. & Rem. Code §§ 11.102 (generally prohibiting vexatious litigant from filing "new litigation" without permission from local administrative judge), .103 (generally prohibiting clerk of court from filing "litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing"); *Douglas v. Government Emp. Ins. Co.*, No. 01-12-00129-CV, 2013 Tex. App. LEXIS 4590, at *1–3 (Tex. App.—Houston [1st Dist.] Apr. 11, 2013, no pet.) (mem. op.) (describing chapter 11 prefiling requirements for vexatious litigants); *Johnson v. Hughey*, No. 06-12-00079-CV, 2012 Tex. App. LEXIS 8406, at *3–5 (Tex. App.—Texarkana Oct. 5, 2012, no pet.) (mem. op.) (same).

By order dated September 16, 2016, we notified Harper that he was required to obtain the permission of the local administrative judge to file this appeal, provided him with the address of the local administrative judge, and ordered him within thirty days of the date of the order to demonstrate to this Court that he had obtained permission from the local administrative judge to file this appeal. *See* Tex. Civ. Prac. & Rem. Code §§ 11.001–.003. We also notified him that, if he failed to comply with the order within 30 days, we would dismiss this appeal.

Harper, however, has failed to demonstrate that he has obtained the local administrative judge's permission to file this appeal. Accordingly, we dismiss this appeal. *See Douglas*, 2013 Tex. App. LEXIS 4590, at *5 (dismissing appeal because vexatious litigant who was

2

subject to prefiling order failed to comply with chapter 11's requirement of obtaining local administrative judge's permission to file appeal); *Hughey*, 2012 Tex. App. LEXIS 8406, at *5 (concluding that prerequisite was not met and that lawsuit should not have been filed because vexatious litigant failed to demonstrate local administrative judge's permission to file lawsuit and dismissing appeal).

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Dismissed

Filed:   October 25, 2016

3